COSTA & SANTINI, INC., APPELLANT, *v.* REGISTRAR OF HUMACAO, RESPONDENT.

## APPEAL from a Decision of the Registrar of Property Refusing to Record an Attachment.

No. 576.—Decided February 12, 1924.

RECORD OF TITLE—ATTACHMENT—SUBATTACHMENT.—An attachment levied by *A* on whatever rights defendant *B* may have in an attachment recorded by the latter on property of *C* in an action against him can not be recorded in the registry, because it is not an attachment on real property or real rights of debtor *B*. Article 42 of the Mortgage Law and article 92 of its Regulations.

The facts are stated in the opinion.

*Mr. J. C. Silva* for the appellant.

The respondent appeared by brief.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Costa & Santini, Inc., the appellant, attached all right and interest that defendant Antonio Guzmán might have in an attachment that the latter had levied on the property of a third person in a separate action.

The writ was presented in the registry and the registrar refused to record it for the following reasons: 1, because the attachment had not been levied on real property or real rights of the debtor; 2, because the writ issued to the marshal did not bear the signature of the clerk of the court by whose order it was issued.

We shall not consider the second reason given by the registrar, inasmuch as it is not discussed by the appellant in its brief, and also because the defect pointed out actually appears on the face of the writ.

In support of the first ground the registrar cites subdivision 2 of article 42 of the Mortgage Law, which reads as follows:

"Art 42.—The following may request the entry of cautionary notices of their respective rights in the proper public registry:

"*        *        *        *        *        *        *

"2. He who, in accordance with the law, has obtained in his favor a writ of attachment which has been levied on real property of the debtor."

The statute seems so clear and explicit that its language alone is sufficient to show that the registrar is right. If by extension we were to include real rights in the subdivision quoted, we should be forced to the same conclusion. The record of an attachment is of a personal nature and creates no real right in favor of the creditor.

"Both under the positive provision of article 44 of the Mortgage Law and under the jurisprudence laid down by the Supreme Court in applying it, a cautionary notice of an attachment resulting from an order of court and intended only to secure the judgment that may be rendered does not create or declare any right or change the character of the obligations involved; nor does it convert into a real property action one that had not that character before, or produce any other effect than that the creditor in whose favor it is entered shall have preference, only with regard to the property against which the notice appears, over those who have against the same debtor other claims contracted subsequently to such entry." Judgment of the Supreme Court of Spain of February 19, 1886.

Notwithstanding the fact that the appellant has filed two briefs—one of them under the name of petition, which is not authorized by statute—we have found in neither of them any citation of authority or jurisprudence presenting a contrary aspect of the question, nor is the argument contained in them sufficient of itself to support the appellant's contention.

The fact averred by the appellant that in the previous

action of Guzmán against Orellano final judgment was rendered in favor of the former gives no special value or force to the record requested, and the appellant's remedy was rather to attach the amount of the said judgment so that when thereby subrogated to the right of Guzmán the appellant could take the corresponding action to obtain its execution or satisfaction, the effectiveness of that judgment being secured by the attachment granted in the same suit.

For the foregoing reasons the decision must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.